# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-1297
_____

Pizza Pro Equipment Leasing, Inc.

*Appellant*

v.

Commissioner of Internal Revenue

*Appellee*
_____

Appeal from The United States Tax Court

_____

Submitted: January 9, 2018
Filed: April 23, 2018
[Unpublished]
_____

Before GRUENDER, MELLOY, and SHEPHERD, Circuit Judges.
_____

PER CURIAM.

Pizza Pro Equipment Leasing, Inc. ("Pizza Pro") appeals a tax court decision upholding determinations by the Commissioner of Internal Revenue that it owes excise taxes and additions to tax related to its defined benefit pension plan. We affirm.

In 1995, Pizza Pro established a defined benefit pension plan (the "Plan"). This case involves a dispute about a limitation on the Plan's annual benefit, *see* I.R.C. § 415(b)(2)(C),[1] which in turn determines Pizza Pro's deductible contributions to the Plan. The Commissioner concluded that from 2002 to 2006 Pizza Pro incorrectly calculated the limitation on the annual benefit and therefore made nondeductible contributions to the Plan. *See* I.R.C. § 404(j)(1)(A). Section 4972 of the Internal Revenue Code imposes "a tax equal to 10 percent of the nondeductible contributions." The Commissioner further imposed additions to tax for failure to file a return of excise taxes and to timely pay the excise tax owed. *See* I.R.C. § 6651(a)(1) & (a)(2).

Pizza Pro petitioned the tax court, challenging the deficiencies and additions. The tax court decided the case without trial based on the parties' stipulated facts and expert reports, and it upheld the Commissioner's determinations. It also concluded that Pizza Pro did not make a valid election under I.R.C. § 4972(c)(7), which allows a taxpayer to disregard contributions to a defined benefit plan under certain conditions. Pizza Pro timely appealed to this court.

"We review tax court decisions in the same manner as we review civil bench trials held by district courts, that is, conclusions of law are reviewed de novo and findings of fact are upheld unless clearly erroneous." *Estate of Korby v. Comm'r*, 471 F.3d 848, 852 (8th Cir. 2006). Likewise, we review for clear error "any reasonable inferences drawn by the tax court from the stipulated or undisputed facts." *Ark. State Police Ass'n v. Comm'r*, 282 F.3d 556, 558 (8th Cir. 2002).

---

[1]Many of the applicable statutes and regulations have been amended or repealed since 2006. This opinion references the relevant statutory and regulatory provisions as they existed from 2002 to 2006.

Pizza Pro contends that the Plan's annual benefit never exceeded the applicable limitation. First, Pizza Pro argues that the tax court erred in holding that the word "equivalent" in I.R.C. § 415(b)(2)(C) should be read as "actuarially equivalent." However, the tax court merely applied the Treasury Department regulation issued pursuant to the statute, *see* Treas. Reg. § 1.415-3(e) (stating that a plan benefit beginning before the normal retirement age is adjusted to "the actuarial equivalent" of a benefit beginning at the normal retirement age), the validity of which Pizza Pro has not challenged.

Because this regulation does not define actuarial equivalence, the tax court looked to general practice within the field of actuarial science to ascertain the proper method for determining the limitation on the annual benefit. Crediting the Commissioner's report, which was prepared by an actuary employed by the IRS, and discounting Pizza Pro's report, which was not prepared by an actuary, the tax court found that the Commissioner's method accords with actuarial practice while Pizza Pro's does not. Because the tax court did not clearly err in this finding, Pizza Pro's challenge to the deficiencies and additions fails. In light of the tax court's thorough and well-reasoned opinion, further discussion of this question would have no precedential value. *See* 8th Cir. R. 47B.

Moreover, the tax court also correctly held that Pizza Pro did not make a valid election regarding excess contributions. Under I.R.C. § 4972(c)(7), "[i]n determining the amount of nondeductible contributions for any taxable year, an employer may elect for such year not to take into account any contributions to a defined benefit plan except to the extent that such contributions exceed the full-funding limitation."

Neither Congress nor the Commissioner has specified the procedures necessary to make an election. Thus, Pizza Pro relies on a recommendation to the IRS from two actuarial groups that a taxpayer's failure to file the excise tax form "should be considered sufficient evidence of the election." But the IRS did not adopt this

-3-

suggestion, and the Fifth Circuit rejected a similar argument in another context. *See Young v. Comm'r*, 783 F.2d 1201, 1206 (5th Cir. 1986) (concluding that "nineteen bishops swearing as to taxpayers' subjective intent" would not establish that the taxpayers made an election because the Commissioner "was not otherwise informed of their state of mind"). As the Commissioner points out, Pizza Pro's failure to file the requisite form stemmed from its belief that it made no excess contributions and owed no excises taxes, not its intent to make an election. Because it failed to inform the Commissioner in any manner, Pizza Pro did not make an election.

For these reasons, the judgment is affirmed.

_____